## FEUCHT v. EVANS.

1. PARTNERS: *Power to dispose of partnership effects.*

   A partner has no authority to dispose of the partnership effects in the payment of his individual debt, except by the consent, express or implied, of his co-partner.

2. SAME: *Same.*

   One of the members of a firm, without the knowledge or consent of his co-partners, sold all the partnership property to satisfy a debt due to the purchaser for money loaned. Part of the money was loaned to the firm and was used in paying partnership debts ; but the greater part was loaned to the partner making the sale, to aid him in buying his interest in the business. HELD: That the sale was void as against the firm creditors, although it was not made with any intent, in fact, to hinder, delay or defraud them.

.APPEAL from St. Francis Circuit Court in Chancery.

M. T. SAUNDERS, Judge.

J. J. Evans, of the firm of Collins & Evans, sold the drug store of said firm to his father, H. Evans. Feucht and others who had obtained judgments against the firm, brought this suit to set aside the sale on the ground that it was made to defraud creditors. J. J. and H. Evans filed separate answers, denying the alleged fraud. It was shown that Collins had removed from the State at the time of the sale and that the firm was then largely in debt and unable to satisfy the demands against it. The Circuit Court dismissed the cause for want of equity, and the plaintiffs appealed.

*N. W. Norton*, for appellant.

Contends, from the evidence, that H. Evans was not a *bona fide* purchaser. He did not bargain for them ; had no desire to buy them; did not know what they were worth. *7 S. W. Rep., 258.* Delivery of a bill of sale does not pass title. *47 Ark., 210; 1 S. W. Rep., 707.*

Good faith is necessary as well as a consideration. *Bump. Fr. Conv., p. 199.*

A partner cannot pay his individual debts with firm property, even if he is acting in good faith ; being insolvent it would

be a fraud on creditors. *16 Fed. Rep., 317; 7 Atl. Rep., 237; 23 N. W., 336; 2 So. Rep., 735.*

See on the general principle, *11 Fed. Rep., 569.*

*Sanders & Watkins,* for appellee.

While the style of the firm was Collins & Evans, J. J. Evans was the only partner in the business; he owed all the debts of the concern, and had as much right to pay his father's debts from his assets as the debt of any other creditor.

The evidence shows that it was a *bona fide* transaction, and the consideration was commendable.

Fraud must be proven; ciscumstances of mere suspicion leading to no certain results are not sufficient to establish. fraud. *31 Ark., 556; Wait Fr. Conv., p. 382.*

HEMINGWAY, J. Upon an examination of the evidence, we cannot find that the sale was made with intent, in fact, to hinder, delay or defraud the creditors of Collins & Evans. On the contrary, we think it was made by a son, unsuccessful in business ventures, to repay in part, loans from an indulgent father. The purpose that prompted it was commendable.

But did J. J. Evans have the authority to make the sale? Or was it a transaction from which the law implies fraud?

It appears by the recitals of the bill of sale, that the property in controversy belonged to a firm composed of J. J. Evans and Marcus Collins; and J. J. Evans claimed to have bought only a two-third's interest in the business. We therefore find that the property belonged to a firm of which he was a member. It was sold to satisfy a debt due to H. Evans for money loaned. A part of the loan was made to the firm and went to pay firm debts; but a part, and it would seem the greater part, was made to J. J. Evans to aid him in buying his interest in the business.

It is a general rule in commercial matters, that, with respect to all articles kept by a partnership to be sold, for the benefit of the concern, each partner has, in the course of trade, the

1. PARTNERS: Power to dispose of partnership effects.

Feucht v. Evans.

right to dispose of any part or the whole. This authority is general and implied from the relation, because it is necessary to the expeditious and successful prosecution of the business, but being founded upon this reason, it is subject to the condition, that it must be exercised in the course of the partnership business. The satisfaction of the individual liabilities of one partner is not within the scope of the partnership; therefore, no partner has any authority, implied from the relation, to dispose of partnership effects to satisfy his individual indebtedness. This may be done by the consent of his co-partner, and such consent is sometimes implied from the past dealings between the partners. But consent, either express or implied, is necessary to authorize it. *Parsons on Part.*, 202–13.

2. Same.     The sale was made by one partner without the knowledge or consent of his co-partner; it was made to satisfy an individual liability, and not in the course of business, and this was known to the purchaser.

Although no wrong was intended, the partnership effects were illegally delivered to the purchaser, to be by him disposed of for his own benefit. The effect was improperly to hinder and delay the partnership creditors, and from this the law presumes fraud.

This case does not involve the question of the right of one partner to dispose of the partnership effects and business, to satisfy or secure firm debts. That we have not felt called to consider or decide.

The plaintiffs were entitled to a decree canceling the bill of sale, in order that they might sell the property for the satisfaction of their claims.

It does not appear that they caused the property to be impounded, but they are now entitled to have such of it sold as can be seized.

The judgment will be reversed and the cause remanded with directions to enter a judgment in accordance with the law as herein announced.