FARRIS *v.* MORRISON.

Opinion delivered April 1, 1899.

PAYMENTS—APPROPRIATION.—The right of a creditor to appropriate general payments by his debtor to any debt due by the latter does not authorize a creditor to appropriate payments made by a debtor firm to the individual debts of one or more members of such firm. (Page 319.)

Appeal from Stone Circuit Court.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

D. A. Morrison brought suit against Champ Farris and others upon a promissory note executed by them to him for the sum of $1,111.17. The defendants answered, admitting the execution of the note, but alleged that it had been paid, and set out the sums paid and the date of payment. On the trial, the evidence showed that certain of the defendants were partners, doing business under the firm name of N. B. Union & Co.; that such firm became indebted to plaintiff, Morrison, and the note sued on was given in settlement of said indebtedness. The plaintiff claimed that he held another note of the firm of N. B. Union & Co., and that, in the absence of any direction by defendants, the amounts claimed to have been paid by defendants were credited by him upon said note, and not upon the note sued on. The defendants, on their part, denied that the note upon which the payments had been applied by plaintiff was executed by the firm of N. B. Union & Co., or that the firm was liable upon, or responsible for the payment of, the note, and contended that plaintiff had no authority to apply payments made by the N. B. Union Co. upon the last mentioned note. The note sued on was signed by eleven persons, to-wit: Wm. H. Morrison, Champ Farris, E. E. Branscum, J. M. Gammill, J. A. Richardson, L. R. Farris, P. L. Farris, J. J. Goodman, P. M. Farris, W. H. Kendrick and Isaac Branscum. The note upon which the payments in question were credited by plaintiff

was signed by six persons, to-wit:   W. H. Morrison, J. A. Richardson, J. M. Gammill, P. M. Farris, L. R. Farris and C. Farris.   There was evidence tending to show that the firm of N. B. Union Co. was composed of ten persons, all of whom signed the note in suit except J. R. Farris, and five of the members of said firm were signers upon the note. upon which payments were applied by plaintiff.   There was evidence tending to show that the last mentioned note was not executed by the firm of N. B. Union & Co., and was not a debt of the firm; and there was also evidence to the contrary, tending to show that the note was a debt of the firm, and that the credits named were properly applied.   Upon the question of the application of payments, the circuit judge instructed the jury as follows: "Unless the defendants directed the application of the payments made upon the indebtedness, the plaintiff had the right to apply them to any indebtedness he saw proper to apply them to."   And he refused the request of defendants to instruct the jury as follows:   "The money paid by the N. B. Union Co., to be applied to their indebtedness, could not be applied to any other individual indebtedness, although it might be an indebtedness of some of the individuals composing the partnership; and if you believe from the evidence that money belonging to the N. B. Union Co. was applied to any indebtedness other than that of the N. B. Union Co., the defendant would be entitled to credit for such an amount."

There was a verdict and judgment in favor of plaintiff, from which defendants appealed.

*J. C. Yancey* and *F. D. Fulkerson*, for appellants.

Partnership funds paid to a creditor without instructions. as to the application of the payment must be applied to firm debts, in preference to those of individual partners.   49 Ark. 457; 85 Ala. 38; 124 Ill. 474; 115 Ind. 45; 78 Ia. 617; 45 Minn. 495.   Consent of all the partners would be necessary to change this rule, and the burden is on the creditor to show this consent.   48 Ark. 557; 42 Ark. 422; 54 Ark. 449; 60 Ark. 18; 52 Ark. 556.

RIDDICK, J., (after stating the facts.)   The question presented by this appeal is a very simple one, and relates to the

appropriation of payments. The right of appropriation belongs to the debtor, and, when he owes a creditor more than one debt, he can, in making a payment, appropriate it to whichever debt he pleases. If the debtor makes the payment generally, without appropriating it to any particular debt, the creditor may then appropriate it to any debt due from the debtor making the payment. *Bell* v. *Radcliff*, 32 Ark. 645. But the creditor cannot appropriate the payment to the debt of a third party, for which the payer is not liable. If the debtor was a firm of partners, the creditor cannot, without its consent, appropriate moneys paid by the firm to the individual debts of one or more of the members of the firm. *Feucht* v. *Evans*, 52 Ark. 556.

Now, we do not suppose that the learned judge before whom this cause was tried would differ with us on the proposition of law above stated, or that he intended to give to the jury a different rule of law; but the instruction given by him to the jury on this point was not full enough, and liable, under the facts in proof, to be misunderstood and to mislead the jury. The note upon which this action is founded was given for a firm debt, and there was evidence tending to show that the plaintiff-creditor had, without the consent of said firm, appropriated money paid by the firm to the individual debts of certain members of the firm. This, of course, the creditor had no right to do. But the instruction complained of told the jury that, in the absence of any direction by the debtor, the creditor could apply the payment to any indebtedness he chose to apply it to, without confining them to the debts of the firm making the payment. The defendant objected to this instruction, and prepared and asked another instruction, stating the law correctly, and so that it could not be misunderstood, which the judge refused to give. The refusal to give such instruction was, in our opinion, under the circumstances as stated in the bill of exceptions, prejudicial error, for which the judgment must be reversed, and a new trial granted. It is so ordered.