## CHRISTIAN v. PLUMBERS' SUPPLY CO.
### No. 1493.

Court of Civil Appeals of Texas. Waco.

May 3, 1934.

Abney, Bath & O'Banion, of Henderson, for appellant.

Hatchell & Campbell, of Longview, for appellee.

ALEXANDER, Justice.

Plumbers' Supply Company, a corporation, brought this suit against D. C. Meyer and C. O. Christian to recover on account for certain merchandise claimed to have been sold to the defendants. It appears that prior to November 15, 1931, D. C. Meyer was engaged in the plumbing business under the fictitious name of Meyer Plumbing & Electric Company and as such was indebted to the plaintiff in the sum of $489.44. On that date said D. C. Meyer and C. O. Christian entered into a partnership under the firm name of Kilgore Plumbing & Electric Shop. The new concern purchased goods on credit from plaintiff in the amount of $256.53. Thereafter the new concern made payments to plaintiff in the amount of $268.02. The plaintiff alleged that, at the time of the formation of the partnership between Meyer and Christian under the firm name of Kilgore Plumbing & Electric Shop, it was agreed that the partnership should assume and pay the old account owing by Meyer Plumbing & Electric Company to the plaintiff. Christian denied these allegations. Meyer filed no answer. Only two issues were submitted to the jury. In response to these issues the jury found: (a) That the new firm of Kilgore Plumbing & Electric Shop was formed on November 15, 1931; and (b) that it was not agreed that the said firm should assume the indebtedness owing to the plaintiff by Meyer Plumbing & Electric Company. Notwithstanding such findings by the jury, the court entered judgment for the plaintiff against both Meyer and Christian jointly and severally for the sum of $256.53 and against Meyer individually for the sum of $221.42. Christian alone appealed.

Since it appears from the evidence without dispute that the only merchandise purchased from plaintiff by the partnership operated under the firm name of Kilgore Plumbing & Electric Shop, in which Christian was a partner, amounted to the sum of $256.53, and that said firm made payments thereon to the amount of $268.02, and since the jury found that said partnership did not assume the debts of Meyer Plumbing & Electric Company, there was no basis for a judgment against the defendant Christian.

The trial court apparently concluded that because Meyer, as manager of Kilgore Plumbing & Electric Shop, in remitting firm assets to the plaintiff, failed to state to whose account such payments should be applied, the plaintiff had a right to apply same to Meyer's individual account incurred by him in the name of Meyer Plumbing & Electric Company and thus leave the firm account unpaid. This

is incorrect. The rule is that, where a creditor holds two distinct demands, one against a partnership and the other against a member of the firm, if a payment be made out of funds belonging to the partnership, the creditor is not at liberty to apply it in payment of the individual's debt, as that would be to allow the creditor to pay the debt of one person with the money of others. The creditor must apply such payment to the firm debt in the absence of an agreement by all partners to the contrary. 47 C. J. 860, par. 335; Rotan Grocery Co. v. Tatum (Tex. Civ. App.) 149 S. W. 342; Farris v. Morrison, 66 Ark. 318, 50 S. W. 693.

The judgment of the trial court in favor of the plaintiff against C. O. Christian is here reversed, and judgment rendered that the plaintiff take nothing as against the said Christian. The judgment in all other respects is affirmed.