(December 19, 1912.)

THEODORE W. SMITH, Respondent, v. J. A. SCHULTZ et al., Defendants, and BANK OF NEZ PERCE and ORVILLE M. COLLINS, Appellants.

[129 Pac. 640.]

ESTOPPEL TO CLAIM DEED A MORTGAGE—VENDOR'S LIEN—WIFE'S SIGNATURE NOT SECURITY—NOTICE OF LIEN—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. In an action to foreclose a vendor's lien on real estate, a third party who has purchased the property from the original vendee and taken an absolute deed to the property and holds his title under such deed, cannot be heard to maintain that the original conveyance to such third party's vendor was a mortgage and not a deed, and that it did not pass title to the property. In other words, he cannot both claim under the deed and against the same deed.

2. Where a person sells real estate to a married man and conveys the same by good and sufficient deed, and takes as a part of the purchase price promissory notes executed by the vendee and the vendee's wife, *held,* that the signature of the wife to such notes does not constitute such security as will amount to a waiver of the vendor's lien within the provisions of sec. 4431 of the Rev. Codes of this state.

3. Where the purchaser of real estate is notified at the time he purchases that the land has not been paid for in full and the original owner of the land is at that time residing on the land, and he also notifies the purchaser that the full purchase price has not yet been paid, *held,* that such purchaser is chargeable with notice that the original vendor has a lien on the property for the balance of his purchase price, and is chargeable with the duty of investigating and inquiring as to the amount due under such lien.

4. Evidence in this case examined, and *held* sufficient to support the findings and judgment that the purchaser of real estate had notice of the existence of a vendor's lien on the property.

5. Evidence examined, and *held* not sufficient to support the judgment for attorneys' fees.

APPEAL from the District Court of the Second Judicial District for Lewis County. Hon. E. C. Steele, Judge.

Action by plaintiff to foreclose the vendor's lien. Judgment for the plaintiff and certain of the defendants appeal. *Modified* and *affirmed.*

Eugene O'Neill, for Appellants.

The instrument being a mortgage, remained a mortgage. "Once a mortgage, always a mortgage" is the rule. (3 Pomeroy's Eq., sec. 1193; *Banta v. Wise,* 135 Cal. 277, 67 Pac. 129; *Godfrey v. Monroe,* 101 Cal. 224, 35 Pac. 761; Jones on Mortgages, secs. 90, 91, 227; *Patterson v. Donner,* 48 Cal. 369.)

The tearing up of one part (defeasance) of a mortgage, though with the consent of the mortgagor and mortgagee, could not convey the title from mortgagor to mortgagee. (*Cranmer v. Porter,* 41 Cal. 462; *First Nat. Bank v. Williams,* 2 Ida. 670, 23 Pac. 552.)

Plaintiff must prove that he has agreed to pay his counsel a stipulated or a reasonable fee for his services before the court is justified in allowing an attorney fee in foreclosure, though stipulated for. (*Porter v. Title Guaranty & Surety Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.)

Any act showing an intention on the part of the seller, not brought about by deception, fraud or over-reaching on the part of the purchaser, waives the lien. It is the intent that controls. (*Hawkins v. Thurman,* 1 Ida. 598.)

It is immaterial whether the security is valuable or without value, as it shows the intention to abandon the lien. (*McKeown v. Collins,* 38 Fla. 276, 21 So. 103; *Royal Cons. Min. Co. v. Royal Cons. Mines,* 157 Cal. 737, 110 Pac. 123, 137 Am. St. 165.)

"The silent lien of the vendor is extinguished whenever the vendor manifests an intention to abandon or not to look to it; . . . . when he looks to other security, he loses his tacit lien." (*Hunt v. Waterman,* 12 Cal. 301.)

F. E. Fogg, for Respondent.

Under our statutes and the decisions of this court thereon the signature of Mrs. Schultz was absolutely invalid and of no legal effect whatever, and the note was void as far as she was concerned. (*Bank of Commerce v. Baldwin,* 14 Ida. 202, 85 Pac. 497; *Vermont L. & T. Co. v. McGregor,* 5 Ida. 510, 51 Pac. 104; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893.)

Nor can it be justly held that there is a waiver where the vendor, acting upon the faith that he gets security, gets none at all. (*Felton v. Smith,* 84 Ind. 485.)

And the acceptance of such note wherever the equitable lien of the vendor is recognized does not affect the lien. (*Gravlee v. Lamkin,* 120 Ala. 210, 24 So. 756.)

The burden of proof is upon the purchaser to establish that in the particular case the lien has been intentionally displaced or waived. (*Selna v. Selna,* 125 Cal. 357, 58 Pac. 16, 73 Am. St. 47.)

These principles are applicable with greater force under our statutes and system of community interest and community estate of husband and wife. (29 Enc. Law, 2d ed., 764, note.)

The facts proven and as found by the court constitute due notice of the plaintiff's lien both to the bank and to the defendant, Collins. (*Brinkerhoff v. Vansciven,* 4 N. J. Eq. 251; *Woodall v. Kelly,* 85 Ala. 368, 5 So. 164, 7 Am. St. 57; *Briscoe v. Bronaugh,* 1 Tex. 326, 46 Am. Dec. 108; *Brisco v. Minah Cons. Mining Co.,* 82 Fed. 952.)

Where a grantor remains in possession of real estate after the execution of the deed therefor, one purchasing is charged with notice of the right, title or interest of such occupant in the property. (*Smith v. Myers,* 56 Neb. 503, 76 N. W. 1084; *Hopkins v. Garrard,* 46 Ky. (7 B. Mon.) 312; *Ringgold v. Bryan,* 3 Md. Ch. 370; *Pell v. McElroy,* 36 Cal. 268.)

AILSHIE, J.—This action was instituted for the fore-
closure of a vendor's lien on 480 acres of land. The amount
alleged to be due was $5,000 and interest evidenced by four
promissory notes. Judgment was entered for the plaintiff
and defendant appealed.

The assignments of error are too numerous to be taken up
in detail, and, indeed, as we view them, they are all reducible
to a few propositions which we shall group and treat briefly
herein. It appears that J. A. Schultz, individually and as
president and principal owner of the capital stock of the
Farmers' Store Co., had some dealings with respondent, Theo-
dore W. Smith, and advanced him money and finally took
a deed to the land here in question as security for the amount
due from Smith to the Farmers' Store Co. The business ran
along that way for some time and finally they had a settle-
ment, and it was agreed that in consideration of the amount
due and the execution of the four promissory notes, aggre-
gating $5,000, that Schultz should have the land, and that the
deed which had previously been held as security should be-
come an absolute conveyance and should be so regarded and
treated. The notes were accordingly executed and the busi-
ness transactions with reference to the sale of the land were
thereupon closed. In the meanwhile, Smith seems to have
been residing on the land at such times as he was in the
county. On the other hand, he had been absent from the
county a considerable portion of the time since the first trans-
action. About the same time, Schultz, who had been in the
employ of the bank of Nez Perce, became indebted to the bank,
and also the Farmers' Store Co., of which Schultz was presi-
dent and principal owner, became likewise heavily indebted
to the bank. In settling this indebtedness, Schultz deeded the
land previously acquired from Smith to the bank, and the
bank subsequently conveyed the land to the appellant, O. M.
Collins, who was president of the bank.

The following are the essential questions which are pre-
sented on this appeal and the determination of which will be
decisive of the case: First, does the fact that the conveyance
from Smith to Schultz, in the first place, was intended as a

mortgage defeat Smith's right to assert a vendor's lien and to foreclose the same? Second, does the fact that Schultz's wife signed the four notes representing the balance of the purchase price for the land, constitute security and amount to a waiver of the vendor's lien? And, third, if Smith is entitled to assert a vendor's lien against the property, is there sufficient evidence in the record to show that Collins had either actual or constructive notice of Smith's lien at the time of his purchase from the bank, and had the bank either actual or constructive notice of the lien at the time of its purchase from Schultz? The answer to these questions will be determinative of the case, and will cover all the material and essential assignments of error presented by appellants.

Addressing our attention to the first question above suggested, it may be observed that there is no controversy or dispute but that the conveyance when first given by Smith to Schultz was intended as security, and, under the decisions of this court, was a mortgage. (*Kelley v. Leachman*, 3 Ida. 392, 29 Pac. 849; *Felland v. Vollmer M. & M. Co.*, 6 Ida. 120, 53 Pac. 268; *Hannah v. Vensel*, 19 Ida. 796, 116 Pac. 115; *Bergen v. Johnson*, 21 Ida. 619, 123 Pac. 485.) The parties to this action, however, are confronted with a number of subsequent transactions which have become admitted facts in the case that necessarily change their relations to the original transaction. After the adjustment of the accounts between Smith and Schultz, an actual sale took place, and while no new deed passed from Smith to Schultz, it is clear and apparent from the record that it was the agreement and understanding between them that the original deed should stand as an absolute deed of a fee simple title from Smith to Schultz, and the deed on its face purported to convey a clear and fee simple title. All their subsequent dealings were had upon the theory and basis that this did convey a clear and perfect title, and the notes were given by Schultz to Smith on that theory and understanding.

The author in 20 Am. & Eng. Ency., 2d ed., 942, says: "The voluntary surrender or cancelation of a defeasance or an instrument in the nature of one, as a general rule, renders the

conveyance absolute and vests complete title in the grantee therein. Such a case is an exception to the maxim, 'Once a mortgage, always a mortgage.' "

In *Green v. Butler,* 26 Cal. 596, the court, speaking of this same principle of law, said: "Where a deed and defeasance are in separate instruments, thus constituting a mortgage, a purchase of the equity of redemption by the mortgagee from the mortgagor for its full value, and a surrender of the defeasance to the mortgagee to be canceled, and the retention of it by the mortgagee, is in law a cancelation of the defeasance, though not actually destroyed." To the same effect, see note to case of *Bradbury v. Davenport,* 55 Am. St. 105; *Gravlee v. Lamkin,* 120 Ala. 210, 24 So. 756.

There is still another and equally valid reason why appellants cannot now urge that the original conveyance from Smith to Schultz was a mortgage only. They are claiming their title through this same deed. The law is well established that "a party cannot be permitted to claim under and against the same deed." (*Gibson v. Lyon,* 115 U. S. 439, 6 Sup. Ct. 129, 29 L. ed. 440; 11 Ency of Law, 446.) Of course, the deed being absolute on its face, though intended as security, could have furnished a basis for innocent purchasers to acquire a valid title, but the title would not be valid if they had notice of the fact that the conveyance was only intended as security. If, on the other hand, they had no notice of the fact that it was intended as security only and purchased on the theory that title was absolute, and at the same time had notice that the original vendor had a lien on the property for the balance of the purchase price, they would not be allowed to subsequently deny the absolute character of the conveyance in order to defeat the vendor's lien. They must adopt one theory and pursue that consistently and adhere to it as well when it proves detrimental to their interests as when it proves beneficial. It is clear to us that the appellants cannot urge at this time that the conveyance from Smith to Schultz was only a mortgage and did not pass a clear title.

Passing to the second proposition as to whether or not the fact that Mrs. Schultz signed these promissory notes with her husband for the balance of the purchase price of the land constitutes such security as amounts to a waiver of a vendor's lien, we find that discussed in a twofold aspect. First, if this was purchased by Schultz, the husband, as appears to have been the case, then under the decisions of this court the wife did not become responsible on the note. (*Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.) Under the statutes of this state and the decisions of this court, "A married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or benefit or for the use or benefit of her separate estate, or in connection with the control and management thereof or in carrying on or conducting business therewith," unless the contract and obligation is made so as to create a lien or encumbrance on her separate estate or some portion thereof as security for the payment of the debt. In this case it would appear that the property purchased did not become the separate property of the wife, and that it was not purchased for her separate use or benefit nor inured to the benefit of her separate estate. Her signature to the note would not, therefore, constitute security within the meaning of the provisions of the statute. (Sec. 4431, Rev. Codes. See, also, *Feltham v. Smith,* 84 Ind. 485; *Gravlee v. Lamkin,* 120 Ala. 210, 24 So. 756; *Vermont Loan & Trust Co. v. McGregor,* 5 Ida. 510, 51 Pac. 101; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893.) If, however, as suggested on the other hand, this property became community property and therefore a kind of partnership property between the husband and wife, then the wife's signature to the note would not constitute security within the contemplation of the statute, but would merely be evidence of the community indebtedness or the signature of one of the purchasers, in which event it would not constitute security within the purview of the statute.

The next and important question presented is the sufficiency of the evidence to show that the appellants here had either actual or constructive notice of the respondent's lien as a

vendor of the property. On this question the evidence is very conflicting, but a court could not say there is no substantial evidence to support the contention that appellants had notice of this lien. Schultz testified positively that he notified Collins before the sale that he still owed $5,000. Smith also testified that he told Collins prior to the latter's purchase of the property that he had not been paid in full for the land. Collins does not deny that Schultz advised him that he was still owing something on this land, but says he passed it by lightly as a matter not concerning him. There is also evidence in the record tending to show that Smith was living on the land immediately prior to Collins' purchase of the same, and that when Collins went to look over the place he saw Smith on the land and talked with him.

The evidence on the question of notice is certainly not satisfactory, but that is not at all strange. On a question of this kind, and in a case of this character, it is to be expected that there would be a sharp conflict in the evidence as to whether the purchaser had notice of the vendor's lien. It is such cases that get into court. Where there is no conflict in the evidence, there is seldom any litigation. Our examination of the evidence on this point has served to convince us that we would not be justified in holding it insufficient to support the findings that the appellants had notice of respondent's lien.

Another question has been urged on this appeal which deserves some consideration. At the time of the purchase of this land by Schultz, and his sale to the bank and the subsequent sale by the bank to Collins, there was an outstanding mortgage against the property aggregating about $2,200. This obligation was assumed by Schultz as a part of the purchase price. Since that time Collins has paid the mortgage, and it is now claimed by him that if respondent is to be given a vendor's lien for the balance of the purchase price that Collins should first be reimbursed for the amount he has paid out on this mortgage. The trial court did not take this view of the case, but, on the contrary, gave respondent a decree of foreclosure for the balance of the purchase price as repre-

sented by the purchase price notes above considered. We think the judgment of the trial court was entirely correct. The $2,200 mortgage was assumed as a part of the purchase price, and Schultz agreed to pay that to the mortgagee. Collins became the purchaser of the land and holds the title to the same, and when respondent's lien is satisfied it will only complete the full payment of the purchase price to the original vendor Smith. On the other hand, if for any reason the land should not bring at foreclosure sale enough to pay the mortgage and respondent's lien, it would result in denying respondent the full purchase price for his land to the extent of whatever deficiency might result from such sale. Respondent is clearly entitled to have his lien satisfied if the land will sell for that sum at foreclosure sale.

Finally, it is argued by the appellants that the trial court erred in allowing respondent judgment for attorney's fee in the sum of $600 on foreclosure of this lien. This contention is made under specification No. 12 of insufficiency of the evidence to support the judgment, and is based upon the specific ground "that there is no evidence in the record showing that the plaintiff had paid or agreed to pay his attorney any sum whatever for the foreclosure of said mortgage, or that he was to receive any compensation therefor." Two witnesses were produced and testified on the question of attorney's fee and were cross-examined by counsel for appellants. No question was raised in the lower court as to the sufficiency of the evidence in this respect, and an examination of the evidence convinces the writer that it is sufficent to support the judgment for attorney's fee. No question is raised in this case by appellant as to the right of respondent under the law to recover an attorney's fee in a case of this kind. The question is rather presented here upon the theory that the law supports such a fee, but that sufficient evidence has not been presented to justify its allowance.

In the opinion of the writer, the judgment should be affirmed as to the attorney's fee, but the majority of the court are of the opinion that it should be disallowed and that the judgment should be modified to that extent. We conclude,

therefore, that the judgment should in all respects be affirmed except as to attorney's fee allowed by the lower court, and be modified to the extent of disallowing such fee. Judgment in all respects affirmed, except as to the attorney's fee and modified in that respect so as to disallow the attorney's fee. Respondent will pay the costs for his own brief, and all other costs of this appeal will be taxed against the appellants.

Sullivan, J., concurs.

STEWART, C. J., Concurring Specially.—I concur in all that is said in the foregoing opinion, except that portion which deals with the question of attorneys' fees. It will be observed from the record in this case that this is an action to foreclose an equitable lien. There is no statute in this state which allows attorneys' fees in a case of this kind; neither was there a contract entered into by the parties involved which provided for the payment of an attorney's fee upon foreclosure of said lien, or to pay an attorney's fee under any circumstances.

Justice Ailshie sets forth the evidence introduced upon the trial with reference to the attorney fees, and holds that such evidence, in his opinion, entitled the plaintiff to recover an attorney's fee. I am of the opinion that the evidence is sufficient to justify the allowance of an attorney's fee, provided there was a law which allowed such attorneys' fees or a contract made providing for the payment of attorneys' fees. There being no statute in this state which allows such fees, and no contract having been made, no fees can be allowed in this case, notwithstanding the evidence that was given. The attorneys' fees cannot be recovered because there is no law authorizing the same, and not because of the insufficiency of the evidence.

ON PETITION FOR REHEARING.

(January 29, 1913.)

AILSHIE, C. J.—A petition for rehearing has been filed in this case which deals alone with the question of attorney fee.

The court held in the original opinion that the respondent Smith was not entitled to recover an attorney fee on the foreclosure of his vendor's lien 'as against Collins and the bank. It is contended, however, in the petition that the attorney fee ought to stand as against the maker of the note, Schultz. Schultz did not appeal, and so the judgment as against him was in no way disturbed or modified by the opinion in this case. It was not intended that it should be disturbed in any respect. The judgment as to Schultz will stand as originally entered in the district court, and the attorney fee will be disallowed only as to Collins and the bank of Nez Perce.

With the foregoing correction and directions, the petition will be denied.

Sullivan and Stewart, JJ., concur.