## VANDERPOOL v. BANK OF HANSEN et al.

(District Court, D. Idaho, S. D. November 20, 1924.)

### No. 1089.

Husband and wife ⚌169(1)—Idaho statutes make married women competent to execute accommodation mortgage on separate property.

Under C. S. Idaho, § 4657, investing married women with full power of management and disposition of separate property, a married woman is competent to execute a valid accommodation mortgage upon her separate property.

In Equity. Action by Cora E. Vanderpool against the Bank of Hansen and others. Decree for defendants.

Porter & Witham and S. T. Hamilton, all of Twin Falls, Idaho, and Alfred A. Fraser, of Boise, Idaho, for plaintiff.

A. C. Agnew, of San Francisco, Cal., and Hodgin, Stephan & North, of Twin Falls, Idaho, for defendant Federal Reserve Bank.

Frank L. Stephan, of Twin Falls, Idaho, for defendants Bank of Hansen and E. W. Porter, Com'r of Finance.

DIETRICH, District Judge. This suit is brought for the cancellation of a real estate mortgage, covering the separate property of the plaintiff, a married woman. The defendant Federal Reserve Bank is the holder of the mortgage through assignment from defendant Bank of Hansen, to whom it was given. The evidence is thought to be insufficient on the one hand to sustain the charge of coercion, and upon the other hand to support defendants' contention of a consideration beneficial to the plaintiff. The notes secured by the mortgage constituted a renewal of a note signed by one Rusk, who received the consideration, and by plaintiff as an accommodation maker. Both the mortgage and the notes it purports to secure were also executed by plaintiff's husband, but neither did he receive any consideration therefor.

The primary question is whether or not under the laws of Idaho a married woman is competent to execute a valid accommodation mortgage upon her separate property. Upon consideration I feel constrained to answer it in the affirmative. It is to be distinguished from the related question of her competency to enter into a general unsecured personal obligation of accommodation or suretyship, enforceable by a personal judgment and execution against her separate property—which is the question directly involved in most, if not all, of the cases cited in support of the plaintiff's position here. Whatever may have been the disability of a married woman theretofore, by the Act of the Idaho Legislature in 1903 (Sess. Laws 1903, p. 345), she was invested with full power touching the management and disposition of her separate estate. As carried forward into section 4657 of the Idaho Compiled Statutes, this provision is as follows:

"Management of Separate Property. During the continuance of marriage, the wife has the management, control, and absolute power of disposition of her separate property, and may bargain, sell and convey her real and personal property, and may enter into any contract with reference to the same, in the same manner, and to the same extent, and with like effect, as a married man may in relation to his real and personal property; provided, that the husband shall be bound by such contracts to no greater extent or effect than his wife under similar circumstances would be bound by his contracts."

Construing the provision in Bank of Commerce v. Baldwin, 12 Idaho, 202, 85 P. 497, the Supreme Court of the state said:

"It is safe to say that a most careful examination and consideration of the Act of March 9, 1903, will disclose no legislation or legislative intent therein to in any respect change the wife's legal status with reference to any subject or matter other than her separate property. Prior to the amendment the husband was entitled to the custody, control and management of his wife's separate property, but now she is entitled to its custody and control and may sell and dispose of it without consulting him. She may

also make any contracts she pleases with reference thereto. * * *

"There can no longer be any question in this state as to the power of a married woman to bind her separate property and estate for the payment of a debt. * * * In order to create a charge against her estate for such a debt [referring to a debt contracted not for her use or benefit or the benefit of such estate], it must be made a charge in rem by a mortgage or pledge of the property or in some manner known to or recognized by the law as constituting a lien upon or charge against the specific property. * * * It has been repeatedly held that a married woman who signs a promissory note with her husband for the payment of his debt and executes a mortgage on her property to secure the payment of the same, creates a liability only in rem and not in personam. The property incumbered is liable for the payment of the debt, but, when exhausted, the obligation as against the wife, is extinguished, and no personal liability attaches."

Upon a second appeal of the case, after retrial, the court said (Bank of Commerce v. Baldwin, 14 Idaho, 75, 93 P. 504, 17 L. R. A. [N. S.] 676):

"We might rest our decision upon the opinion in the last appeal as being the law of the case, but since the question squarely arises on this appeal as to the liability of the wife as a surety or guarantor for the debt of a stranger, we have thought it best to pass on that point. * * * When the Legislature said that the contracts the wife can enter into are those 'with reference to her separate property,' it evidently intended to grant her all the rights and privileges of contracting that are necessary or essential to the full and complete enjoyment of her separate property and the right of management and control and disposition of the same. On the other hand, it clearly appears that by the use of this modifying phrase they did not mean to extend her liability on contracts beyond that which would be for her own use or benefit or in reference to her separate estate." Page 83 (507). "Where, however, the debt is not hers, and she has received none of the consideration either for her own use or benefit or that of her separate estate, in order for the contract to be one 'with reference to her separate property,' within the purview of our statute, the obligation as to her must become one in rem whereby she creates a lien or incumbrance on her separate property for the payment of the debt; in such case the contract clearly becomes one with reference to her separate estate in so far as it obligates that estate, or any part thereof, for the payment of this specific obligation."

And more recently the same court said:

"The contract was her own debt, incurred for her own use and benefit. She received the consideration therefor—the goods and merchandise for which the note and mortgage were executed. Not only that, but the purchase price was secured by a contract with direct reference to her separate estate, namely, a mortgage executed by her on her separate property. * * * It has been uniformly held by this court that a married woman could bind her separate estate by a contract executed in this manner." Booth Mercantile Co. v. Murphy, 14 Idaho, 212, 93 P. 777.

"Under the statutes of this state and the decisions of this court, 'a married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or benefit or for the use or benefit of her separate estate, or in connection with the control and management thereof or in carrying on or conducting business therewith,' unless the contract and obligation is made so as to create a lien or incumbrance on her separate estate or some portion thereof as security for the payment of the debt." Smith v. Schultz, 23 Idaho, 144, 129 P. 640.

"There is nothing wicked or immoral or contrary to public policy in permitting a wife's separate property to become liable for the payment of her husband's debts or the community debts. * * * It was held in Bank of Commerce v. Baldwin, supra, that a married woman might mortgage or pledge her separate property to secure her husband's debts or the community debts." Meier & Frank Co. v. Bruce, 30 Idaho, 732, 168 P. 5.

It is conceded that the statutes of the state, as construed by its highest court, are controlling, and, while the decisions above cited do not fully cover the precise state of facts here exhibited, and some of the expressions in the quoted paragraphs may be regarded as dicta, no decision to the contrary has been called to my attention; and upon its face the statute itself would seem plainly to support the view that a married woman may, by a contract in rem, pledge or dispose of specific separate property without any consideration flowing to her. She may do with her property what her husband may do with his, and that he has such a right is not open to question. If there were any room for distinction between a case where the transaction is for the benefit of the hus-

band and one where it is for the benefit of a stranger, it remains true that in this case the husband assented and joined with the plaintiff in the execution of the notes and mortgage.

In view of the conclusion I have reached upon the primary issue, it is unnecessary to consider the further question as to where the burden of proof rested in the matter of the plea of defendant Reserve Bank that it is a holder in due course, etc.

Decree will be entered dismissing plaintiff's bill and providing for the foreclosure of the mortgage.

The decree will provide for no personal judgment against the plaintiff in case of deficiency.