(May 24, 1898.)

## JAECKEL v. PEASE.

[53 Pac. 399.]

FORECLOSURE OF MORTGAGE—MORTGAGE DEBT—PLAINTIFF ENTITLED TO WHAT IS DUE HIM.—If, in a suit to foreclose a mortgage, the courts should decide that plaintiff is not entitled to a foreclosure, yet, nevertheless the plaintiff should have judgment for any portion of the mortgage debt shown by the pleadings and proof to be due him, against the defendants personally liable therefor.

MARRIED WOMAN—COMMUNITY DEBT—CREATED FOR WIFE'S SEPARATE BENEFIT.—A married woman cannot bind herself personally for the debt of her husband, or for a community debt, and it is error to render judgment jointly against the husband and wife on a note signed by both in the absence of a showing that the debt was created for the separate use and benefit of the wife, or for the use and benefit of her separate estate.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County

Charles L. Heitman, for Appellant.

The appellant, Mary A. Pease, contends that no judgment should have been rendered against her upon said promissory note in said suit; citing the case of *Dernham v. Rowley,* decided by the supreme court of the state of Idaho, on the 9th of April, 1896, and reported in 4 Idaho, 753, 44 Pac. 643 (14 Am. & Eng. Ency. of Law, 604-621), in which it is held by this court

that a married woman has no power in this state to bind herself by a promissory note such as the one described in the complaint herein, unless the debt evidenced thereby was contracted by the wife for the use of her separate property, or for her own use and benefit.

No brief for respondent.

QUARLES, J.—George H. Pease and his wife, Mary A. Pease, executed, October 15, 1891, their certain promissory note for the sum of $909.35 to Dr. Charles F. Mussigbrod, payable one year after date and executed a mortgage to said payee, on community property occupied by said mortgagors as a residence, to secure the payment of said note. Said Mussigbrod died, and his executors assigned the said note and mortgage to plaintiff, who commenced this action on October 6, 1897, to foreclose the said mortgage. The defense against the foreclosure of said mortgage is based on the idea that the certificate of acknowledgment of the wife to said mortgage does not comply with the statute, and for that reason the mortgage is void. That part of the certificate of acknowledgment to the said mortgage relating to the acknowledgment of the wife is as follows, to wit: "And the said Mary A. Pease, wife of the said George H. Pease, having been by me first made acquainted with the contents of said instrument, acknowledged to me, on examination apart from and without the hearing of her husband, that she executed the same freely and voluntarily without fear or compulsion or undue influence of her husband, and that she does not wish to retract the execution of the same." The trial court held the mortgage void for want of a proper certificate of acknowledgment of the married woman, but gave judgment against Pease and wife jointly on the note, in favor of the plaintiff, for the principal and interest thereof, amounting at the date of judgment to the sum of $1,753.61 and costs of suit, taxed at $18, from which judgment the defendant Mary A. Pease appeals and assigns two errors, to wit: 1. That, the suit being an equitable one, and the trial court having decided that plaintiff was not entitled to foreclosure of the mortgage, the court erred in giving the plaintiff judgment for the debt, there being no reformation of the plead-

ings; 2. That the court erred in rendering judgment against Mrs. Pease, there being no allegation, followed by proof, that the debt was created for her use and benefit, or for the use and benefit of her separate estate.

The first assignment of error cannot be sustained. Under our code if, in a suit to foreclose a mortgage, a foreclosure should be denied, the plaintiff is, nevertheless, entitled to judgment for the amount of the mortgage debt shown by the pleadings and proof to be due him, against the defendants personally liable therefor. We agree with counsel as to the second assignment of error. It was error to render a personal judgment against the wife for a community debt. The wife cannot bind herself personally for the husband's debt, or for the debt of the community. The judgment must be reversed, on account of the error mentioned, but in coming to this conclusion we do not desire to be understood as agreeing with the lower court as to the validity of the certificate of acknowledgment, nor do we desire to be understood as receding from our views in regard to the form of certificate of acknowledgment of a married woman expressed in *Bank v. Rauch,* 5 Idaho, 750, 51 Pac. 764.

The plaintiff has filed no cross-appeal in this cause, nor has he appeared in this court. There is what purports to be a brief on behalf of the respondent on file here, signed by persons who are not attorneys of this court, but the court cannot receive or consider such papers. The judgment appealed from is reversed, and the case remanded to the district court for further proceedings consistent with the views herein expressed. Costs of appeal awarded to appellant.

Sullivan, C. J., and Huston, J., concur.