(March 14, 1906.)

BANK OF COMMERCE, Limited, Appellant, v. GEORGE E. BALDWIN and SARAH A. BOWERS, Respondents.

[85 Pac. 497.]

MARRIED WOMEN—SEPARATE PROPERTY OF WIFE—POWER TO CONTRACT.

1. Under the act of March 9, 1903 (Sess. Laws 1903, 345), a married woman is given the absolute control of her separate property and estate, and has the unqualified right of contracting with reference to such property, and may sell and dispose of the same without the consent or approval of her husband.

2. The act of March 9, 1903, has reference only to the separate property of the wife, and the management and control thereof, and the carrying on of business therewith, and the sale or disposal thereof and contracts in reference thereto or for the benefit thereof.

3. A married woman cannot bind herself personally for the payment of a debt that was not contracted for her own use or for the use or benefit of her separate estate, or in connection with the control and management thereof or in carrying on or conducting business therewith.

(Syllabus by the court.)

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Frank J. Smith, Presiding Judge.

Action on a promissory note. Judgment by default against defendant Baldwin, and judgment of nonsuit in favor of defendant Bowers. Plaintiff appealed. *Reversed.*

George M. Parsons and Carl A. Davis, for Appellant.

On a motion for nonsuit, the court must accept as proven every fact which the evidence tended to prove, and which was essential to be proven, to entitle the plaintiff to a recovery upon the cause of action as stated in the complaint. (*Dow v. Gould & Curry Silver Min. Co.,* 31 Cal. 629; *Warner v. Darrow,* 91 Cal. 309, 27 Pac. 737; *Cravens v. Dewey,* 13 Cal. 40-43; *Hineman v. Matthews,* 138 Pa. St. 204, 20 Atl. 843, 10 L. R. A. 233; *Wallace v. City etc. R. Co.,* 26 Or. 174, 37 Pac. 477, 25 L. R. A. 663; *Butler v. Hyland,* 89 Cal. 575, 26 Pac. 1108; *Gray v. McNeal,* 12 Ga. 429; *Schwenke v. Union Depot etc.,* 12 Colo. 344, 21 Pac. 43; *Corbalis v. Newberry Tp.,* 132 Pa. St. 9, 19 Am. St. Rep. 588, 19 Atl. 44; *Maynes v. Atwater,* 88 Pa. St. 496; *Curle v. Beers,* 3 J. J. Marsh. (Ky.) 170; *Herbert v. King,* 1 Mont. 480; *Herbert v. Dufur,* 23 Or. 462, 32 Pac. 302-304.)

Even under the old laws a married woman had the right to bind herself on a contract relative to her separate estate, and had the right to sign a note with her husband and to make her separate property liable for its payment, provided the proceeds were alleged and shown to be for the use and benefit of her separate estate.   (*Bassett v. Beam,* 4 Idaho, 106, 36 Pac. 501; *Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643.)

Her contracts need not express an intention on her part to charge her separate estate, nor need it be alleged in any suit thereon that such contract was made for the benefit of her separate estate.   (*Woods v. Orford,* 52 Cal. 412; *Cartan v. David,* 18 Nev. 310, 4 Pac. 61; *Heney v. Pesole,* 109 Cal. 53, 41 Pac. 819.)

Where married women have been allowed the right of holding and managing their separate estate as if sole, they have been authorized to make all contracts necessarily incident to such enjoyment.   (*Conway v. Smith,* 13 Wis. 125; *Cookson v. Toole,* 59 Ill. 519; *Williams v. Hugunin,* 69 Ill. 214, 18 Am. Rep. 607.)

It is not necessary to show that consideration passed to the maker of a promissory note, even though a woman. (*Burkle v. Levy,* 70 Cal. 250, 11 Pac. 644; *Alexander v. Bouton,* 55 Cal. 15; *Cartan v. David,* 18 Nev. 310, 4 Pac. 61; *Westphal v. Neville,* 92 Cal. 545, 28 Pac. 678.)

A motion for a nonsuit shall not be granted if there is any evidence to sustain the allegations of the complaint. (*York v. Pacific etc. Ry.,* 8 Idaho, 574-583, 69 Pac. 1042.)

It is error to grant a nonsuit when plaintiff has made a *prima facie* case. (*Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360; *Kansteiner v. Clyne,* 5 Idaho, 59, 46 Pac. 1019; *Lewis v. Lewis,* 3 Idaho, 645, 33 Pac. 38; *Black v. City of Lewiston,* 2 Idaho, 276, 13 Pac. 80.)

A married woman who has induced another to part with money upon representations that it was secured by and with reference to her own use and benefit is estopped to deny that it was paid on that account. · (*American Mtg. Co. of Scotland v. Owens,* 72 Fed. 219, 18 C. C. A. 531.)

Note is presumptively paid out of her separate estate. (*Phillips v. Graves,* 20 Ohio St. 371, 5 Am. Rep. 675; *Dobbins v. Hubbard,* 17 Ark. 189, 65 Am. Dec. 425; *Rogers v. Ward,* 8 Allen (Mass.), 387, 85 Am. Dec. 710.)

While contracts may be void in law, equity introduces the innovation that though a married woman did not bind herself personally, yet her separate estate was thereby charged, and it was considered to be immaterial whether it was for her benefit or not. (*Matthewman's Case,* L. R. 3 Eq. 781, 787; *Hulme v. Tenant,* 1 Brown Ch.; 1 White & T. Lead. Cas. Eq. 678.)

T. D. Cahalan, for Respondents.

The common law is the rule of decision in Idaho in all cases not provided by statute (Idaho Rev. Stats., sec. 18), and a married woman cannot contract in any form unless power is expressly given by statute. (*McFarland v. Hein,* 127 Mo. 327, 48 Am. St. Rep. 631, 29 S. W. 1030; *Freeman's*

*Appeal,* 68 Conn. 533, 57 Am. St. Rep. 114, 37 Atl. 420, 37 L. R. A. 452.)

In order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint, and proven, that the debt was incurred for the use or benefit of her separate property, or for her own use or benefit. (*Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Idaho, 131, 53 Pac. 399; *Strode v. Miller,* 7 Idaho, 16, 59 Pac. 893; *McDonald v. Rozen,* 8 Idaho, 352, 69 Pac. 125; *Holt v. Gridley,* 7 Idaho, 416, 63 Pac. 188.)

And a note made by a married woman purporting neither to charge her separate estate nor to be for her own benefit is invalid. (*Jaeckel v. Pease,* 6 Idaho, 131, 53 Pac. 399; *Fisk v. Mills,* 104 Mich. 433, 62 N. W. 559; *Wilcox v. Arnolds,* 116 N. C. 708, 21 S. E. 434.)

Where she executes a promissory note of which others are to receive the benefit, she herself being a surety in effect, she will not be held in equity to have created a charge upon her separate estate, unless the contract itself includes an express provision to that effect. (*Farrand v. Beshoar,* 9 Colo. 291, 12 Pac. 197, 198; *Bowles v. Trapp,* 139 Ind. 55, 38 N. E. 406; *Brown v. Brown,* 121 N. C. 8, 27 S. E. 998, 38 L. R. A. 242; *Westervelt v. Baker,* 56 Neb. 63, 76 N. W. 440; *Cook v. Walling,* 117 Ind. 9, 10 Am. St. Rep. 17, 19 N. E. 532, 2 L. R. A. 769.) A married woman is not bound by a promissory note executed by her jointly with another. It is the note of the other joint maker. (*Brown v. Orr,* 29 Cal. 121, 122; *Althof v. Canbrein,* 38 Cal. 233, 99 Am. Dec. 363.)

A married woman's separate property cannot be bound up under contract, unless her intent to deal with and bind the property clearly appears. Such intent cannot be assumed; it must appear that the contract is one from which benefit results to the property or for her own benefit. (*Kantrowitz v. Prather,* 31 Ind. 92, 99 Am. Dec. 587.)

The statutes of Idaho make married women incapable of contracting, except in relation to their separate property.

The statute of 1903 does not change section 3220 of our Revised Statutes nor the rule of the common law, so far as it applies to the contracts at large of a married woman, that she is incapable of binding herself by an executory contract, and that all such contracts made by her, whether in writing or by parol, are absolutely void at law. (*Dernham v. Rowley*, 4 Idaho, 753, 44 Pac. 645; *McKee v. Reynolds*, 26 Iowa, 578; *Pond v. Carpenter*, 12 Minn. 432; *Ames v. Foster*, 42 N. H. 381, 385; *Norton v. Meader*, 4 Saw. 605, Fed. Cas. No. 10,351; *Howe v. North*, 69 Mich. 272, 37 N. W. 213; *Payne v. Thompson*, 44 Ohio St. 193, 5 N. E. 654; *Taylor v. Boardman*, 92 Ill. 566.)

The respondent Bowers had not the legal capacity to sign a note for the use of another. (*Dernham v. Rowley*, 4 Idaho, 753, 44 Pac. 643; *Yale v. Dederer*, 18 N. Y. 265, 72 Am. Dec. 507; *Trimble v. State*, 145 Ind. 154, 44 N. E. 260, and note, "Void Contracts.")

Except in special cases, as under the sole traders' act, a married woman cannot, by contract, create a personal liability against herself in any form. (*Maclay v. Love*, 25 Cal. 367, 85 Am. Dec. 133; *McDonald v. Rozen*, 8 Idaho, 352, 69 Pac. 125.)

Where the evidence would not authorize the jury to find a verdict for the plaintiff, or if the court would set it aside, if so found, as contrary to evidence, in such case it is the duty of the court to nonsuit the plaintiff. (*Ringgold v. Haven & Livingston*, 1 Cal. 116, 117; *Dalrymple v. Hanson*, 1 Cal. 127; *Harney v. McLevan*, 66 Cal. 35, 4 Pac. 884; *Gilman v. Bootz*, 63 Cal. 121; *Green v. Christie*, 4 Idaho, 438, 40 Pac. 55, 56.)

AILSHIE, J.—This action was commenced by the Bank of Commerce against Geo. E. Baldwin and Sarah A. Bowers to recover a balance of $5,697.05 due on a promissory note executed by Baldwin and Mrs. Bowers on the fourth day of November, 1903. Baldwin defaulted and Mrs. Bowers answered admitting the execution of the note and the amount

due, but denying her liability for the reason that the same was executed by her simply as a surety for Baldwin, and that the contract did not in any way affect her separate property, and was not made for her use and benefit or in reference to her separate estate.   The case came on regularly for trial and the plaintiff introduced its evidence.   The defendant moved for a nonsuit on the ground that the evidence of the plaintiff failed to show that the contract was executed for the benefit of or concerning the separate property or estate of Mrs. Bowers, or for her individual or separate use and benefit.   This motion was sustained by the court and the plaintiff moved for a new trial, which was denied, and thereupon appealed from the judgment and order denying the motion.   The principal and leading question to which the respective counsel have directed their attention on this appeal is the effect of the act of the legislature approved March 9, 1903, and entitled, "An act giving to married women the management, control and power of disposition of their separate property, amending section 2495, chapter 3, title 2, Revised Statutes of 1887 of Idaho, and repealing sections 2498 and 2499 thereof and all other acts in conflict herewith."   Sections 1 and 2 of that act are as follows: "Sec. 1. That section 2495, of chapter 3, title 2, of the Revised Statutes of Idaho, 1887, be amended to read as follows: Sec. 2495. All property of the wife owned by her before marriage, and that acquired afterward by gift, bequest or descent, or that she shall acquire with the proceeds of her separate property,  · shall remain her sole and separate property, to the same extent and with the same effect as the property of a husband similarly acquired.   Sec. 2.   During the continuance of the marriage the wife has the management, control and absolute power of disposition of her separate property, and may bargain, sell and convey her real and personal property, and may enter into any contract with reference to the same in the same manner and to the same extent and with like effect as a married man may in relation to his real and personal property; provided, that the husband shall be

bound by such contracts to no greater extent or effect than his wife under similar circumstances would be bound by his contracts.'' The act closes with section 5, which specifically repeals sections 2498 and 2499 of the Revised Statutes of 1887. It is contended by counsel for respondent that under the decisions in this state as announced prior to the adoption of the act of March 9, 1903, the plaintiff is not entitled to recover. (*Dernham v. Rowley,* 4 Idaho, 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Idaho, 131, 53 Pac. 399; *Strode v. Miller,* 7 Idaho, 16, 59 Pac. 893; *Holt v. Gridley,* 7 Idaho, 416, 63 Pac. 188.) Appellant contends, however, that the foregoing legislation so extended and enlarged the powers and corresponding liabilities of a married woman as to make respondent liable on the contract in question. This can best be determined by first ascertaining the purpose and extent of this latter legislation. First, it gives the wife the absolute control and management of her separate property and repeals section 2498 which had formerly given the management and control of her property to the husband. Second, it gives to the wife the sole and absolute power to sell and dispose of her separate property and carry on business therewith and make contracts in reference thereto and for the benefit thereof, and repeals section 2499 which provided for the appointment of a trustee to manage her separate property. In this respect *McDonald v. Rozen,* 8 Idaho, 352, 69 Pac. 125, is no longer the rule of law in this state. It is safe to say that a most careful examination and consideration of the act of March 9, 1903, will disclose no legislation nor legislative intent therein to in any respect change the wife's legal status with reference to any subject or matter other than her separate property. Prior to the amendment the husband was entitled to the custody, control and management of his wife's separate property, but now she is entitled to its custody and control and may sell and dispose of it without consulting him. She may also make any contracts she pleases with reference thereto. In all other respects the law of this state remains the same with reference

to her contracts as it was when the above-cited cases were decided by this court. It should be borne in mind that all our legislation with reference to contracts, powers and liabilities of married women must be viewed and construed as grants instead of restriction of power and authority to contract.

In *Dernham v. Rowley, supra,* the question arose as to the power of the wife to bind herself to pay a· debt contracted by the husband for his use and benefit, and this court speaking through Chief Justice Morgan said: ''From this exposition it will clearly appear that in order to charge the separate property of the wife, or render it liable to levy and sale, it must be alleged in the complaint, and proven, that the debt was incurred for the use and benefit of her separate property, or was contracted by her for her own use and benefit.''

In *Jaeckel v. Pease, supra,* the question arose as to the power of the wife to bind herself on a debt contracted for the benefit of the community property, and this court, speaking through Justice Quarles, said: ''A married woman cannot bind herself personally for the debt of her husband, or for a community debt, and it is error to render judgment jointly against the husband and wife on a note signed by both in the absence of a showing that the debt was created for the separate use and benefit of the wife, or for the use and benefit of her separate estate.''

In *Strode v. Miller, supra,* the same principle was enunciated and *Jaeckel v. Pease* was cited with approval.

In *Holt v. Gridley, supra,* a similar question was involved, and this court, speaking through Justice Sullivan, said: ''It also appears that the defendants are husband and wife, and there is nothing in the record to show that her separate property is liable for the indebtedness sued on herein. Where it is sought to make the separate property of a married woman liable for debt, it must be alleged and proved that the debt is her own, or made on behalf of her separate property. The wife is not personally liable for the debts of her husband, and neither is her separate property.''

Idaho, Vol. 12—14

It follows from what we have already said that in order to bind Mrs. Bowers in this case it will be necessary for the plaintiff to show that the debt was contracted for the use or benefit of her separate property or for her own use or benefit, or in reference to the management, control or business transactions touching such property. There can no longer be any question in this state as to the power of a married woman to bind her separate property and estate for the payment of a debt. The nature of the argument advanced in this case, however, makes it necessary for us to observe that the mere representation by a *feme covert* that she owns a certain amount, class and character of property in her own name and right does not create a liability against her estate for a debt not contracted for her use or benefit or the benefit of such estate. In order to create a charge against her estate for such a debt, it must be made a charge *in rem* by a mortgage or pledge of the property or in some manner known to or recognized by the law as constituting a lien upon or charge against the specific property. It is not sufficient to furnish a list of property and say: "This is my separate property and I own it in my own name and right." It has been repeatedly held that a married woman who signs a promissory note with her husband for the payment of his debt and executes a mortgage on her property to secure the payment of the same, creates a liability only *in rem* and not *in personam.* The property encumbered is liable for the payment of the debt, but when exhausted, the obligation, as against the wife, is extinguished, and no personal liability attaches. (*Jaeckel v. Pease* and *Strode v. Miller, supra.*) It is different, however, where the liability was originally the wife's debt or contracted with reference to her separate property and estate; or in the management and control thereof; or in the carrying on and transacting business therewith or in reference thereto. In the case at bar the obligation, if an obligation at all, is only *in personam,* as no property appears to have been mortgaged or encumbered or pledged for the payment of the debt.

We have examined the evidence introduced on behalf of the plaintiff in this case very carefully, and while it is rather meager and slight, we think it is sufficient to bring the case within the rule announced at the present term in *Later v. Haywood, ante,* p. 78, 85 Pac. 494, where the court said: "On a motion by the defendant for nonsuit after the plaintiff was introduced his evidence and rested his case, the defendant must be deemed to have admitted all the facts of which there is any evidence, and all the facts which the evidence tends to prove." (See, also, *Simpson v. Remington,* 6 Idaho, 681, 59 Pac. 360; *Kansteiner v. Clyne,* 5 Idaho, 59, 46 Pac. 1019; *Lewis v. Lewis,* 3 Idaho, 645, 33 Pac. 38; *York v. P. & N. Ry. Co.,* 8 Idaho, 574, 69 Pac. 1042.) The debt sued on in this case might have been incurred for the use and benefit of the respondent or for the benefit of her separate estate, and still she might not have actually received and disbursed the money. It may, on the other hand, have been incurred entirely and solely for the use and benefit of her codefendant, Baldwin. The plaintiff, we think, introduced sufficient evidence to put the defendant to her proofs, and we shall therefore order a new trial. If the respondent can establish a defense that will bring her within the purview of the law as herein announced, she will defeat plaintiff's right of recovery; otherwise she will fail. The parties should have a full hearing on the merits of this case. Judgment reversed and a new trial granted. Costs awarded to appellant.

Stockslager, C. J., concurs.

SULLIVAN, J., Concurring.—I concur in the conclusion reached to the extent that a new trial should be granted, but am unable to concur in the conclusion that under the laws of this state a married woman cannot bind herself personally, for the payment of a debt that was not contracted for her own use or for the use or benefit of her separate estate.