RAMEY-MILBURN COMPANY *v.* FORD.

Opinion delivered December 20, 1920.

1. EXECUTORS AND ADMINISTRATORS—PAYMENTS ON UNAUTHORIZED CLAIMS.—Where executors without authority in the will continued the testator's business and purchased goods from a grocer to whom the testator was indebted at time of his death, but paid for such goods, the creditor could not apply the payments to the debt existing at the testator's death and leave unextinguished a portion of the debt the executors owed.

2. EXECUTORS AND ADMINISTRARORS—PERSONAL LIABILITY.—Executors are liable for goods purchased in the name of the estate without authority.

3. APPEAL AND ERROR — NECESSITY OF CROSS-APPEAL.—Appellee's claim not allowed by the trial court is not presented for review in the absence of a cross-appeal.

Appeal from White Circuit Court, *J. M. Jackson,* Judge; affirmed.

*Miller & Yingling,* for appellant.

This is not a claim against the estate, but, under Kirby's Digest, § 54, the sons were liable persnally by continuing to operate the mercantile business of their father. 19 Ark. 676; 61 *Id.* 414; 62 *Id.* 223. Administrator has no power to enlarge the liability of his intestate or bind the assets in his hands by any agreement of his. 10 Ark. 204; 18 Cyc. 247. This rule is approved in 65 Ark. 443; 61 *Id.* 410. See, also, 17 Ark. 571; 34 *Id.* 205. The court erred in finding for appellees.

*Brundidge & Neelly,* for appellees.

The indebtedness sued for is due appellant by the estate of J. A. Ford and not by them personally, and the court below adopted their contention. Kirby's Digest, § 54. It was a claim against the estate. Even if it was a personal liability and they were responsible, appellees have overpaid the debt, and they should have judgment for $115.41.

SMITH, J. J. A. Ford was engaged in the mercantile business until his death, which occurred November 25, 1919. He was survived by his widow and two sons. He left a will and named his sons as his executors; but the will made no provision for the continuance of his business. Ford, at the time of his death, was indebted to the appellant grocery company in the sum of $195.95. The sons continued this business, and bought goods from appellant company amounting to $353.33; but while so continuing the business, they paid appellant $468.74. Appellant credited the sum thus paid—without any direction so to do—on the oldest items of the account, and brought this suit against the widow and sons of Ford to recover the balance due it. There was a trial before the court upon the appeal from the justice court, and a judgment for defendants, from which is this appeal.

It is not insisted here that the widow should be held liable for this debt; but liability against the sons is asserted upon the theory that they had no right to continue

to operate the mercantile business, and they therefore became personally responsible for the goods bought by them while so doing.

The correctness of this position may be conceded without liability following as the result of that concession. There was no purpose on the part of the sons to form any partnership, and the goods were not sold on the faith of their credit. The sale was to the J. A. Ford estate. These sons were not personally liable for the debts owed by their father at the time of his death, as they had no connection with his business. They were liable for goods bought without authority in the name of the estate. But they paid for those goods, and appellant company had no right—without consent or permission so to do—to apply the payments made by the sons to a debt they did not owe and leave unextinguished a portion of the debt they did owe.

Appellees ask judgment here for $115.41, the sum paid in excess of the bills bought by them. But they were not allowed this claim in the court below, and have not prosecuted a cross-appeal. Their contention concerning this excess is, therefore, not presented for review.

Judgment affirmed.