Points Decided.

(March 1, 1926.)

W. A. THOMAS and E. C. THOMAS, Doing Business Under the Firm Name and Style of THOMAS COMPANY, Appellants, v. CHARLES YOUNG and PAULINE YOUNG, Husband and Wife, Respondents.

[245 Pac. 75.]

HUSBAND AND WIFE — BROKER'S CONTRACT FOR SALE OF COMMUNITY PROPERTY—EXECUTION OF CONTRACT BY HUSBAND ONLY—EFFECT—PLEADING — ALLEGATIONS NECESSARY TO CONSTITUTE CAUSE OF ACTION.

1.  Complaint in action to recover commissions, setting up contract for commissions for sale of community property, signed only by husband, does not state a cause of action against wife.

2.  An action on contract can be prosecuted against a married woman only where it is her own contract, or for use and benefit of her separate estate.

3.  Complaint in action to recover commissions, setting up contract for commissions for sale of community property, signed by husband, and alleging the finding of purchaser ready and willing to buy under terms of contract, states a cause of action against husband, even though he might not be able to comply with contract.

4.  Real estate broker under contract for commissions for sale of property, having obtained contract from proposed purchaser able to buy, or produced to principal a proposed purchaser, is entitled, unless he has stipulated otherwise, to his commissions, though no sale was finally consummated.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. Herman H. Taylor, Judge.

Publisher's Note.

2.  See 13 R. C. L. 1272.

4.  See 4 R. C. L. 307.

See Brokers, 9 C. J., sec. 87, p. 596, n. 33; sec. 102, p. 623, n. 65; p. 624, n. 66; p. 626, n. 78; sec. 110, p. 635, n. 41.

Husband and Wife, 30 C. J., sec. 555, p. 867, n. 45; 31 C. J., sec. 1254, p. 155, n. 96.

Action to recover commissions which plaintiffs claim are due to them from the defendants. *Sustained in part and reversed in part and remanded.*

J. Ward Arney, for Appellants.

A husband, signing a real estate commission contract, even though the same affects community property, is personally liable for earned commissions. The husband, being the manager and having the control of the community property, may become personally liable and may bind the wife to the payment of real estate commissions. (C. S., sec. 4666.)

The husband is the legal representative of the wife as to community property and may make a valid contract for real estate commissions. (C. S., sec. 7979; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Wits-Keets-Poo v. Rawton,* 28 Ida. 193, 152 Pac. 1064; *Holt v. Empey,* 32 Ida. 106, 178 Pac. 703; *Overland National Bank v. Halveston,* 33 Ida. 489, 196 Pac. 217; *Boggs v. Seawell,* 35 Ida. 132, 205 Pac. 262.)

Real estate commission is earned when the agent finds a purchaser ready, willing and able to purchase; or brings together the minds of the seller and purchaser as to price and terms. (*Weatherhead v. Cooney,* 32 Ida. 127, 180 Pac. 760; *Shanklin v. Hall,* 100 Cal. 26, 34 Pac. 636; *Helling v. Darby,* 71 Kan. 107, 79 Pac. 1073.)

Ezra R. Whitla, for Respondents.

An action can only be prosecuted against a married woman where it is her own contract or for the use and benefit of her separate estate. (*McFarland v. Johnson,* 22 Ida. 694, 127 Pac. 911; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497.)

Before plaintiffs are entitled to recovery they must allege and show that they brought the purchaser to the vendor and offered to close the deal upon the terms submitted by the vendor, or they must show that they made the contract which their purported agency agreement authorizes them

to make. In this case they do not allege either. (*Burnett v. Edling,* 19 Tex. Civ. App. 711, 48 S. W. 775.)

The wife's community interest in the property is the same as the husband. (*Peterson v. Peterson,* 35 Ida. 470, 207 Pac. 425; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107; *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247; *Phy v. Selby,* 35 Ida. 409, 207 Pac. 1077.)

FEATHERSTONE, District Judge.—The plaintiffs filed their complaint in the court below, to which complaint defendants interposed a demurrer, which was sustained and from the order sustaining the demurrer plaintiffs appeal.

In the complaint plaintiffs set out in full the contract under which they claim said commission, which is as follows:

"Contract.
"Coeur d'Alene, Ida. 3/26/1924.
"To Thomas Co. Coeur d'Alene, Idaho.

"For and in consideration of one Dollar ($1) the receipt of which is acknowledged I hereby appoint you agent to make sale of the real property herein described as Tax No. 854 Recorded 19 Page 157 Book Deeds, a triangular lot Cor. Sherman & Second Ave., Coeur d'Alene, Idaho, for the price of $6500 upon the following terms $1500 cash, $5000 secured by mortgage thereon for 3 years at 7 per cent, and you are hereby authorized to accept a deposit to be applied on the purchase price, and to execute a binding contract for sale on my behalf.

"In case the above-described property is sold or disposed of within the time specified, I agree to make the purchaser a good and sufficient warranty deed to the same and to furnish a complete abstract of title, if required; and it is further agreed that you shall have and may retain from the proceeds arising from such sale 5 per cent commission on the above price; and 5 per cent of all the consideration for which said property is sold over and above price above specified.

"This contract to continue thereafter until terminated by my giving unto you as agent 10 days notice in writing.
"Signed—CHAS. YOUNG.

"BUSINESS LOT.

Owner Chas. Young.

Address Coeur d'Alene, Ida.

Price $6500 Cash $1500 Mortgage $5000 at 7 per cent.

Street Sherman Between 2 & 1st or Elec.

Front 22–2nd–150 feet on Sherman.

Lot Tax No. 854 Addition Coeur d'Alene & King.

Paved Yes.

Sidewalk yes Kind Concrete."

Plaintiffs allege that they fully complied with the terms of the contract and while it was in full force and effect and on or about July 15, 1924, they procured a purchaser for said property who was willing, able and ready to purchase said property under the terms of the contract, and further allege, "That defendants after being advised that plaintiffs had found such purchaser ready and willing to buy as aforesaid, wilfully and fraudulently endeavored to evade and repudiate the liability for said commissions."

Defendants demurred on the grounds "That said complaint does not state facts sufficient to constitute a cause of action, in this:

"(a) That it is not alleged, stated or shown as against the defendant, Pauline Young, that she made or entered into any contract whatsoever with the plaintiffs to sell the property described in said complaint, either verbal or in writing, or in any manner, or at all, or that she ever authorized or empowered them in any manner whatsoever to sell said property.

"(b) That under the laws of the State of Idaho, no contract for the sale of community property, or any interest therein, is valid unless in writing and signed by both the husband and wife, and the contract set out in the complaint does not pretend to have been signed by the defendant, Pauline Young, and is therefore invalid for any purpose.

"(c) That said complaint does not allege, state or show that the plaintiffs notified the defendants that they had a purchaser who was ready, willing and able to purchase the property on the alleged terms; or that said complaint does

not allege, state or show that the plaintiffs notified the defendants, or either of them, that they had a purchaser who was ready, willing and able to buy on the alleged terms, or that the purchaser which they alleged to have found offered to take said property on the terms alleged, or to make payment thereof in the sum of $1500 cash, or to make a good and sufficient mortgage for three years at seven per cent to secure the balance, and said complaint does not allege that the plaintiffs or any purchaser secured by them, ever offered to purchase said property on the conditions or the terms named.''

And other grounds which were not passed upon by the trial court.

The court below sustained the demurrer as to the defendant, Pauline Young, on the grounds set forth in subdivision (a), paragraph 1; and as to both defendants on the ground set forth in subdivision (b) of paragraph 1.

[1, 2] We hold that the ruling of the trial judge that the complaint failed to state a cause of action against the defendant, Pauline Young, was correct. This court has heretofore held that an action can only be prosecuted against a married woman where it is her own contract or for the use and benefit of her separate estate (*McFarland v. Johnson*, 22 Ida. 694, 127 Pac. 911; *Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399; *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497), and there is no contention here that she signed the contract or authorized anyone else to sign for her.

[3, 4] There is no dispute that the defendant Charles Young entered into a written contract with the plaintiffs to pay them certain commissions for securing a purchaser for the property in question, and we are of the opinion that the court below erred in holding that the complaint failed to state a cause of action as to Charles Young by reason of the fact that the property in question was community property. He might have been unable to comply with his part of the contract but that would not release him from his liability to pay plaintiffs for their services if they had fully complied with the terms of the contract. However, before the plaintiffs are entitled to

recover the commissions claimed for finding a purchaser, they must either obtain a contract from a proposed purchaser able to buy, whereby he is legally bound to buy on the authorized terms or they must produce to the principal a proposed purchaser who is able, willing and ready to buy upon the terms authorized. It is not necessary that the principal and the purchaser actually be brought face to face, but the principal must be notified that such purchaser has been found, and afforded a full opportunity to make a binding contract for the sale of the land on the authorized terms. If the real estate broker complies with either of the conditions stated he is entitled, unless he has stipulated to the contrary, to his commissions although no sale is finally consummated. In this particular the complaint stated a cause of action against Charles Young and the trial court erred in sustaining a demurrer in his behalf.

The judgment in favor of Pauline Young is affirmed and reversed as to Charles Young, and the cause remanded with instructions to proceed in accordance with this opinion. Costs awarded to appellants.

William A. Lee, C. J., and Wm. E. Lee and Givens, JJ., concur.