(No. 4544.   April 27, 1928.)

JOE McCARTHY, Administrator of the Estate of TIM McCARTHY, Deceased, Respondent, v. MARGARET N. PARIS, Appellant.

[267 Pac. 232.]

Barber & Barber, for Appellant.

Delana & Delana, for Respondent.

VARIAN, Commissioner.—Tim McCarthy commenced this action January 15, 1924, against appellant and her son, Orval J. Paris, to recover for wages as farm laborer from March 29, 1919, to January 16, 1920, inclusive, alleging said services to have been reasonably worth the sum of $75 per month. The complaint admits payment of $122 on account, and alleges a balance due of $547. The answer denies the allegations of the complaint, alleges $50 per month is a reasonable sum for the services rendered, that said sum was the agreed price, and that there is nothing due or owing on account of labor performed for appellant Margaret N. Paris. She further pleads the statute of limitations as to any services rendered prior to January 1, 1920. The action was dismissed as to Orval J. Paris at the close of the testimony. Tim McCarthy, plaintiff below, died during the pendency of this appeal, and his administrator was substituted as respondent herein.

Appellant, Margaret N. Paris, was the wife of Bud Paris, deceased. Tim McCarthy went to work for Bud Paris in 1918, performing services as general farm laborer, and remaining on the farm after Paris' death on March 31, 1919, until January 17, 1920. After Bud Paris died, it is admitted that McCarthy continued in the same capacity as an

employee of appellant. Orval J. Paris managed the farm for his mother, paid the men, directed the work and was authorized to settle with them. Tim McCarthy began to work for Bud Paris without any agreement as to the amount of wages he was to receive, time of payment or term of employment. After the death of Paris, according to the testimony of plaintiff, McCarthy continued to do the same kind of work, likewise without any agreement as to wages. The testimony is conflicting, appellant's witnesses testifying to an agreement to the effect that McCarthy was to work for Bud Paris part of the time for his board and part of the time for his board and one dollar per day, and that on the death of Paris it was understood that he was to receive $50 per month. The testimony is ample to sustain the evident conclusion of the jury that no agreement was made as to the rate of compensation at any time.

The uncontroverted testimony is to the effect that Tim McCarthy asked for and received eight payments on account in cash and checks at irregular intervals, and in amounts varying from 50 cents to $60, from appellant, and in addition, at irregular intervals between March, 1919, and January 16, 1920, appellant furnished Tim McCarthy with articles of wearing apparel, tobacco, razor blades, laundry, etc., and charged these items to his account. On one occasion, a check for $30 was given him "for hay" used in purchasing hay by McCarthy from one Cluckholm. Tim's brother, Jim McCarthy, owed Bud Paris $198 for hay, payment of which, by oral agreement between Bud Paris, Tim McCarthy and his brother Jim, was assumed by Tim McCarthy. There is no controversy over this item, nor as to the total amount to be credited appellant, i. e., $373.10, on account of moneys paid and the miscellaneous items referred to.

Appellant contends that the $198 and the amount paid on account should be applied in payment of wages earned by Tim McCarthy after Bud Paris' decease. On the other hand, Tim McCarthy applied the payments received from appellant, including the $198 debt of his brother

Jim that he had assumed, to payment for the labor furnished Bud Paris, and applied the balance of $122 to the labor furnished after his death. It appears from the record that the Paris farm and cattle were community property; that at the time Bud Paris was ill, twenty days before his decease, he conveyed and transferred to his wife, appellant, all his interest in both the land and cattle, presumably to avoid administration thereon; and that there was no other property belonging to Paris or the community.

It is first contended that Tim McCarthy could not apply a payment made by appellant on her own account to a debt of her husband. When these payments were made by appellant, she did not direct in what manner nor to the payment of what accounts they should apply.

The claim for wages rendered at the request of Bud Paris prior to March 11, 1919, covering a period of five months and four days, was a community debt, for the payment of which, appellant, as survivor of the community, was not personally liable, it not being shown to be her contract, or for the use and benefit of her separate estate (*Thomas v. Young*, 42 Ida. 240, 245 Pac. 75; *Jaeckel v. Pease*, 6 Ida. 131, 53 Pac. 399; *Bank of Commerce v. Baldwin*, 12 Ida. 202, 85 Pac. 497), and for which no judgment could have been entered against appellant. (*Jaeckel v. Pease, supra.*)

Her liability to the plaintiff, if she was the fraudulent grantee of the property, was that only of a trustee; and so long as she retained the property was under no personal liability for her grantor's debts. (27 C. J., p. 668.) Where a payment is made by one liable as an individual and also as a trustee, the creditor can apply the payment only to the individual debt. (*Sawyer, Admr., v. Tappan*, 14 N. H. 352; 30 Cyc., p. 1237. See, also, *Goddard v. Cox*, 2 Strange, 1194, 93 Eng. Reprint, 1122, and *Ramey-Milburn Co. v. Ford*, 146 Ark. 563, 226 S. W. 132.)

Appellant not being personally liable for debt incurred for the community by her husband, the amounts paid by her after conveyance of the property to her and after the death of her husband could not be applied, without her authority, to the payment of said community debt. McCarthy's remedy

in such a case was to subject the property conveyed by Paris to his wife to the payment of his claim, through administration of the estate of Bud Paris (9 R. C. L., p. 107, sec. 105), or by other appropriate procedure.

Appellant pleads C. S., sec. 6610, in bar of any demand on account of services rendered prior to January 1, 1920. This section requires an action "upon a contract, obligation or liability not founded upon an instrument in writing," to be brought within four years.

C. S., sec. 6615 reads:

"In an action brought to recover a balance due upon a mutual open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side."

▮ We think the facts in this case show it to be an action to recover a balance due on a mutual, open and current account, and that there have been reciprocal demands between the parties within the purview of this section, the last item of which was a check given by appellant to Tim McCarthy January 17, 1920. (See 37 C. J. 865; Wood on Limitations, 4th ed., p. 1430.) The complaint was filed January 15, 1924, and the action was commenced in time.

▮ Again, while the authorities are not uniform, we consider the better rule to be that where the employment is continuous, for an indefinite term, without the time of payment being specified, the statute does not begin to run until the service ends, which in this case was on January 16, 1920. (37 C. J. 824; *Morrissey v. Faucett*, 28 Wash. 52, 68 Pac. 352; *Ah How v. Furth*, 13 Wash. 550, 43 Pac. 639; *Grisham v. Lee*, 61 Kan. 533, 60 Pac. 312; *Jackson v. Mull*, 6 Wyo. 55, 42 Pac. 603; *Phifer v. Phifer Estate*, 112 Neb. 327, 199 N. W. 511.)

The remaining assignments of error relate to the proof of the value of farm laborers' services for the period covered by this action.

▮ Plaintiff's witnesses as to the value of farm labor were either farmer employers of labor or farm laborers of

the vicinity, who observed McCarthy at work, were familiar with the conditions, and testified to what was the "going wage" for farm labor in that section. It is true that nearly all testified to the effect that they had heard the matter of wages discussed, but each knew what he was paying or receiving, and in many instances what his neighbors were paying. The testimony is well within the rule that—

"A witness who has observed the rendition of services, and has a sufficient familiarity with services of that nature to form a reasonable inference as to value, may state such inference. . . . . " (22 C. J. 593, sec. 688.)

The evidence is insufficient to establish authority in Orval J. Paris to bind appellant by any agreement to assume the indebtedness incurred by Bud Paris in his lifetime.

The verdict is for a lump sum and does not show what portion thereof was allowed for services rendered Bud Paris, or what portion was allowed for services rendered appellant after she acquired the farm on March 11, 1919. The record does show that McCarthy worked until January 17, 1920, for appellant, a period of ten months and six days. It can be calculated from the record that after deducting the amounts paid by appellant after her husband's death, aggregating $373.10, there remains a balance due respondent for services rendered appellant after March 11, 1919, of $342.29.

We recommend that the judgment be reduced to the sum of $342.29, and affirmed in that amount, provided respondent files a release of all above that amount within ten days of the coming down of the *remittitur* herein, with the clerk of the district court; otherwise, that a new trial be granted. Costs to respondent.

McNaughton and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment is modified and affirmed in accordance with the views therein expressed. Costs to respondent.

Wm. E. Lee, C. J., and Taylor and T. Bailey Lee, JJ., concur.