## Donna GOSNELL *v.* INDEPENDENT SERVICE FINANCE, INC.

CA 89-155                                    774 S.W.2d 430

Court of Appeals of Arkansas
Division I
Opinion delivered August 23, 1989

*Peel & Eddy*, by: *Richard L. Peel*, for appellant.

*Jack, Lyon & Jones, P.A.*, by: *John W. Fink*, for appellee.

JUDITH ROGERS, Judge. Appellant, Donna Gosnell, brings this appeal from a judgment entered against her in the amount of $3,620.14, which was awarded to appellee, Independent Service Finance, Inc., a wholly owned collection subsidiary of St. Vincent Infirmary. We reverse.

The facts of this case are virtually undisputed. Appellant's late husband, Karl Gosnell, Sr., had been a patient at St. Vincent's Infirmary on three separate occasions for which three

separate accounts were created. Of these three accounts, appellant was only responsible for payment on one of them. On December 30, 1987, appellee received a check for $4,000 from appellant. The check was marked as being payment for account #537948-2 which was shown to have a balance of $649. Although appellant was not an obligor on that account, there is no dispute over the propriety of application of the payment to that account since it was applied as directed by appellant.

After payment of this account, there remained a balance of $3,351 to be applied to other accounts. Appellee applied the overpayment as partial payment on account #592442-8, an account on which appellant had no liability. Appellant was liable, however, for account #588140-4 in the amount of $3,620.14, and suit was brought by the hospital on this account. That account was the only one of the three incurred by Mr. Gosnell on which appellant also was liable. The circuit court, sitting without a jury, entered judgment against appellant for that debt.

The dispute is over the propriety of applying the funds to an account on which appellant had no responsibility, rather than applying them to the account on which appellant was also liable.

On appeal, appellant argues that the decision of the circuit court was clearly erroneous and was contrary to the law concerning application of monies to debtor's accounts. When examining a trial judge's findings where there was no jury, the standard of review is whether those findings were clearly against a preponderance of the evidence, and recognition must be given to the trial judge's superior opportunity to determine the credibility of the witness and the weight to be given to their testimony. *Hooper-Bond Ltd. Partnership Fund III* v. *Ragar*, 294 Ark. 373, 742 S.W.2d 947 (1988).

The trial court relied upon the general rule that where there are two or more obligations owed by a debtor, the creditor is entitled to apply a part payment as he chooses if the application has not been directed by the debtor. *Misenhimer* v. *Perkins Oil Co.*, 248 Ark. 434, 451 S.W.2d 864 (1970); *Miles* v. *Teague*, 246 Ark. 1288, 441 S.W.2d 799 (1969). However, this rule of law does not apply to the facts of this case since the appellant was only liable on one of the two accounts remaining after her payment had been credited against the one account she had specified.

■ Appellant correctly relies on the old case of *Farris* v. *Morrison*, 66 Ark. 318, 50 S.W. 693 (1899), in which the supreme court stated:

> If the debtor makes the payment generally, without appropriating it to any particular debt, the creditor may then appropriate it to any debt due from the debtor making the payment. *Bell* v. *Radcliff*, 32 Ark. 645. But the creditor cannot appropriate the payment to the debt of a third party, for which the payer is not liable.

*See also Gowan* v. *Robinson*, 191 Ark. 356, 86 S.W.2d 19 (1935); *Ramey-Milburn Co.* v. *Ford*, 146 Ark. 563, 226 S.W. 132 (1920). The general rule necessarily presupposes the relationship of debtor and creditor. *City of Olive Hill* v. *Gearhart*, 289 Ky. 53, 157 S.W.2d 481 (1941). It was undisputed by the parties that appellant was not liable on the account to which her payment was applied. Therefore, the trial court erred in awarding judgment to appellee.

Appellant also argues that the amount of judgment should be reduced by $300 to reflect an amount which had not been properly credited to one of the accounts. That argument need not be addressed since we find that the trial court's decision was clearly erroneous and contrary to the law regarding application of payments on debts. However, we note that appellee concedes that this amount had not been credited, and that if it had been credited to #537948-2, that account would only have a balance of $349. Therefore appellant's check for $4,000 was sufficient to pay the correct balance of that account as well as the entire balance of the account in dispute which had a balance of $3,620.14. Accordingly, we reverse.

REVERSED.

CRACRAFT and COOPER, JJ., agree.