7 P.3d 1103

**EAGLE WATER COMPANY, INC., an Idaho corporation, Plaintiff–Appellant,**

v.

**ROUNDY POLE FENCE COMPANY, INC., an Idaho corporation; Doug Roundy, an individual; and Does I through V, Defendants–Respondents.**

No. 25750.

Supreme Court of Idaho, Boise, December 1999 Term.

Aug. 1, 2000.

Vernon K. Smith, Jr., Boise, for appellant.

Thomas G. Maile IV, Boise, for respondents.

SCHROEDER, Justice.

This matter is before the Court on a petition for review from the decision of the Court of Appeals which affirmed the grant of Roundy Pole Fence Company's (Roundy Pole) motion for summary judgment in the magistrate division of the district court. Summary judgment was granted on the basis that Eagle Water Company's (Eagle Water) claim was barred by the four-year statute of limitations.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

The facts have been summarized by the Court of Appeals in *Eagle Water Co., Inc. v. Roundy Pole Fence Co., Inc.*, 134 Idaho 633, 7 P.3d 1110, 1999 WL 107109 (Idaho Ct.App. 1999):

> In early 1991, Eagle Water Company, Inc., twice leased a front loader owned by Roundy Pole Fence Co., Inc. Eagle was billed a total of $1,725, but did not immediately pay the bill. In July of 1991, Doug Roundy, (Roundy), an officer of Roundy Pole, approached Robert DeShazo, an officer of Eagle Water, and requested the use of Eagle Water's John Deere 450c tractor. Although the parties acknowledge that there was an agreement, which allowed Roundy to use the tractor, they do not agree on the terms of the agreement. The tractor was obtained by Roundy sometime in July of 1991 and returned no later than November 15, 1991. Upon its return, the tractor's hour meter reflected 496.5 hours of use.
>
> On December 30, 1991, Eagle Water billed Roundy Pole for its use of the tractor at a rate of $25 an hour. This bill included a credit allotted to Roundy Pole for $1,811.25, the amount Eagle Water owed for its use of the front loader, plus interest. Doug Roundy objected to this bill. A second bill was then sent which adjusted the fee to a monthly rental rate of $2,450, resulting in a $9,800 charge, less the $1,811.25 credit, for an amount due of $7,988.75. The parties disagree as to whether there was an express agreement to convert the rate to the monthly fee. Bills reflecting the monthly rental rate were subsequently sent to Roundy Pole on June 30, and August 13, 1992. DeShazo then wrote to Roundy attempting to clarify any misunderstanding on the billing and resolve the dispute. Thereafter, Eagle Water continued to intermittently send bills, which contained the monthly rate and added 12 % interest through April 17, 1995. On September 18, 1995, Eagle Water's attorney sent a letter to Roundy Pole requesting payment. The record does not reveal any formal response to this letter.

Never having received payment, Eagle Water filed a verified complaint on December 15, 1995, alleging mutual open trade accounts with a principal credit balance of $7,988.75 still due and owing to it. A single verified answer was filed for all defendants, who then moved for summary judgment. To support the motion for summary judgment, the defendants also filed an affidavit by Douglas Roundy and an affidavit by their attorney. Attached to counsel's affidavit was a portion of DeShazo's previously taken deposition, along with copies of the bills and documents sent to Roundy Pole by Eagle Water in an attempt to recover the money allegedly owed. Eagle Water did not file any documents or affidavits in opposition to the motion for summary judgment. Following a hearing, the magistrate found that,

> The "time of the last item" referred to in I.C. 5–222, occurs on the completion of the last transaction between the parties, which in this case occurred not later than November 15, 1991, the date of Plaintiffs' John Deere Crawler Dozer was returned to Plaintiff, according to Plaintiff's invoices. Plaintiff's complaint was filed on December 15, 1995, which is beyond the four year limitation provided either by I.C. 5–217 or I.C. 5–224. Accordingly, summary judgment is hereby granted in favor of the Defendant and against the Plaintiff.

The magistrate then dismissed the case with prejudice, reserving the issue of costs and attorney fees. Eagle Water appealed this order to the district court. The magistrate then filed an amended judgment, which awarded the defendants both costs and attorney fees, from which Eagle Water also appealed. Acting in its appellate capacity, the district court upheld the order of summary judgment and the award of costs and attorney fees and further awarded the defendants-respondents both costs and attorney fees on appeal. Eagle Water then appealed to the Court of Appeals.

The Court of Appeals concluded that the magistrate properly granted summary judgment and attorney fees and costs to Roundy Pole. The Court of Appeals affirmed the award of attorney fees and costs by the district court and also awarded Roundy Pole costs and attorney fees on appeal. Eagle Water filed a petition for review which this Court granted.

## II.

### STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *East Lizard Butte Water Corp. v. Howell*, 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *McCoy v. Lyons*, 120 Idaho 765, 769, 820 P.2d 360, 364 (1991). When considering a case on review from the Court of Appeals, this Court gives serious consideration to the Court of Appeals; however, this Court reviews the decision of the trial court directly. *State v. Avelar*, 129 Idaho 700, 702,

931 P.2d 1218, 1220 (1997). This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this Court is hearing the matter as if the case were on direct appeal from the trial judge's decision. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). In this case the Court reviews the matter as if the appeal were directly from the decision of the magistrate.

## III.

### THE MAGISTRATE COURT CORRECTLY GRANTED SUMMARY JUDGMENT IN FAVOR OF ROUNDY POLE.

Both parties acknowledge that they were using a mutual account whereby credits and debits would be entered reflecting various transactions. Eagle Water maintains that the credit it entered on the Roundy Pole account on December 30, 1991, was the final transaction which commenced running of the statute of limitations. Roundy Pole argues that the return of the tractor on November 15, 1991, was the last transaction between the parties for purposes of determining if the action was barred by the statute of limitations. I.C. § 5–222 provides:

**Actions on open accounts—Accrual of cause.**—In an action brought to recover a balance due upon a mutual, open and current account, where there have been reciprocal demands between the parties, the cause of action is deemed to have accrued from the time of the last item proved in the account on either side.

In *Kugler v. Northwest Aviation, Inc.*, 108 Idaho 884, 887, 702 P.2d 922, 925 (Ct.App. 1985), the Court of Appeals analyzed the applicability of the statute of limitations when the parties engaged in transactions amounting to a mutual open account:

Where an open account exists the parties are deemed to intend that individual items on the account will not be viewed separately but that the account will be considered as a connected series of transactions. *See generally* 1 AM.JUR.2d *Accounts and Accounting* § 4 (1962). When an open account is unilateral—that is, with all charges made by one party against the other—the majority rule appears to be that a statute of limitation will run from

the date of each item. *Id.* at § 15. But if an open account is mutual—with both parties charging each other—the courts have treated the statute of limitation as running from the date of the *last* item proven by either party.

In *McCarthy v. Paris,* 46 Idaho 165, 173, 267 P. 232, 233 (1928), this Court determined that the relationship between an employer and employee gave rise to a mutual, open and current account and that the statute of limitations did not begin to run until the service ends. Eagle Water argues that in *McCarthy* this Court focused on the check entered in the account ledger, which established the time from which the statute of limitations began to run. Eagle Water contends *McCarthy* is similar to this case because the last item acknowledged by both parties is the credit payment given by Eagle Water to Roundy Pole on December 30, 1991, which established the credit balance owing from Roundy Pole. The Court of Appeals disagreed with Eagle Water's position:

> Accordingly, history and precedent suggest that the appropriate definition of the term "item" is the final underlying transaction. This interpretation conforms with the admission rationale which gave rise to the statutory language and is in harmony with case law. The four-year statute of limitation found in I.C. §§ 5–217 or 5–224 began to run on November 15, 1991. This action was filed more than four years after that date. We therefore affirm the magistrate's decision granting summary judgment to the defendants-respondents on Eagle Water's cause of action based upon a mutual, open and current account.

*Eagle Water Co., Inc. v. Roundy Pole Fence Co.,* 134 Idaho 633, 7 P.3d 1110, 1999 WL 107109 (Idaho Ct.App.1999).

This Court agrees with the reasoning of the Court of Appeals. The grant of summary judgment by the magistrate is affirmed.

## IV.

### ROUNDY POLE IS ENTITLED TO ATTORNEY FEES AND COSTS.

■ Section 12–120(3) of the Idaho Code mandates the award of attorney fees to the prevailing party in any action arising out of civil action to recover on an open account. This Court has interpreted I.C. § 12–120(3) to mandate the award of attorney fees on appeal as well as at trial. *J.R. Simplot Co. v. Chemetics International, Inc.,* 130 Idaho 255, 258, 939 P.2d 574, 577 (1997); *see also Bott v. Idaho State Building Authority,* 128 Idaho 580, 592, 917 P.2d 737, 749 (1996) (an award of attorney fees to the prevailing party is appropriate under I.C. § 12–120(3) on appeal as well as trial). Roundy Pole has been the prevailing party throughout proceedings in the magistrate court, district court, Court of Appeals and this Court. Unless an abuse of discretion can be shown by Eagle Water, the award of attorney fees is proper. *See Bott, supra* (The calculation of reasonable attorney fees is within the discretion of the trial court.); *see also Foster v. Shore Club Lodge, Inc.,* 127 Idaho 921, 927, 908 P.2d 1228, 1234 (1995) (the burden is on the person disputing the award to show an abuse of discretion).

■ The sequence of inquiry as to whether the trial court abused its discretion is: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Sun Valley Shopping Center v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

Eagle Water failed to provide this Court with any legal authority or argument establishing an abuse of discretion by the trial court, the district court or the Court of Appeals. The decisions awarding attorney fees are affirmed.

## V.

### EAGLE WATER'S OTHER CLAIMS ARE NOT SUPPORTED BY PROPOSITIONS OF LAW.

■ Eagle Water has raised several other issues on appeal to this Court but has not

supported its contentions by propositions of law or authority. These assignments of error are deemed waived and shall not be considered by this Court. *See State v. Creech*, 132 Idaho 1, 966 P.2d 1 (1998) (This Court declined to address an issue because the appellant made only conclusory assertions and wholly failed to cite any legal authority, thus waiving such an issue to be reviewed.).

## VI.

### ROUNDY POLE IS AWARDED ATTORNEY FEES AND COSTS ON APPEAL.

Roundy asserts a right to attorney fees and costs based on I.A.R. 40, I.A.R. 41, I.C. § 12–120 and I.C. § 12–121. I.C. § 12–120(3) mandates the award of attorney fees on appeal to the prevailing party. *See J.R. Simplot Co. v. Chemetics International, Inc.*, 130 Idaho 255, 258, 939 P.2d 574, 577 (1997) (Idaho Code § 12–120(3) authorizes the award of attorney fees on appeal, as well as at trial.). Costs are properly awarded to the prevailing party on appeal pursuant to I.A.R. 40. Roundy Pole is the prevailing party and is entitled to attorney fees and costs on appeal.

## VII.

### CONCLUSION

The decision of the magistrate granting summary judgment in favor of Roundy Pole is affirmed. The awards of costs and attorney fees in the magistrate division, district court and Court of Appeals are affirmed. Roundy Pole is awarded costs and attorney fees on appeal.

Chief Justice TROUT and Justices SILAK, WALTERS and KIDWELL concur.